'08 CIV 6074

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

PETER PAUPER PRESS, INC.,

            Plaintiff,

    -against-

DALMATIAN PUBLISHING GROUP, LLC,
DALMATIAN PRESS, LLC, ANDERSON PRESS
INCORPORATED, RICHARD HILICKI AND
CHRIS HILICKI,

            Defendants.

------------------------------------------------------------- x

08 Civ.

PLAINTIFF DEMANDS A
TRIAL BY JURY

COMPLAINT

Plaintiff, Peter Pauper Press, Inc., by its attorneys, Cowan, Liebowitz & Latman, P.C., for its complaint against Dalmatian Publishing Group, LLC, Dalmatian Press, LLC, Anderson Press Incorporated, Richard Hilicki and Chris Hilicki, alleges:

### Nature of the Action

1.    This is a civil action for trade dress infringement under the trademark laws of the United States, 15 U.S.C. §§ 1051 et seq., and for unfair competition.

### Parties and Jurisdiction

2.    Plaintiff, Peter Pauper Press, Inc., is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 202 Mamaroneck Avenue, White Plains, New York.

3.    Plaintiff was founded in 1928, and is one of America's leading publishers of fine gift books, humor books, compact references, travel guides, innovative children's activity books, and other products. Its publication roster includes over two hundred authors, and its annual sales exceed $10,000,000.

22854/006/834569.3

4. Defendant Dalmatian Publishing Group, LLC, is, on information and belief, a limited liability company with its principal place of business in Atlanta, Georgia.

5. Defendant Dalmatian Press, LLC, is, on information and belief, a limited liability company organized under the laws of Tennessee, with its principal place of business in Atlanta, Georgia.

6. Defendant Anderson Press Incorporated is, on information and belief, an Alabama corporation with its principal place of business in Atlanta, Georgia, and an owner of Dalmatian Press, LLC.

7. Defendant Richard Hilicki is, on information and belief, a citizen and resident of the state of Tennessee, and the President of Dalmatian Press, LLC and Dalmatian Publishing Group, LLC.

8. Defendant Chris Hilicki is, on information and belief, a citizen and resident of the state of Tennessee, and the founder of Dalmatian Press, LLC and Dalmatian Publishing Group, LLC.

9. Upon information and belief, Richard Hilicki and Chris Hilicki personally participated in and directed the infringing activities at issue in this case.

10. Subject matter jurisdiction is founded upon 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367. Venue is proper under 28 U.S.C. § 1391(b).

### Facts Common to Both Claims

### The Peter Pauper Press Trade Dress

11. Among plaintiff's most popular book lines is its SCRATCH AND SKETCH series of twenty-one children's books.

12. Plaintiff began publishing its SCRATCH AND SKETCH books in 2002, prior to the acts of defendants complained of herein.

13. Each of plaintiff's SCRATCH AND SKETCH books is produced using a unique set of visual designs and features created by plaintiff to distinguish plaintiff from its competitors, and to distinguish its SCRATCH AND SKETCH books from competitors' products. These designs and features include a combination of the following elements, among others:

(a) A medium-size format, measuring 8 ½" high by 5 ¾" wide by approximately 5/8" thick;

(b) A protruding back cover that extends an additional half inch;

(c) A 5 ¼" natural color wooden stylus, attached to the back cover by a 1/4"-wide black elastic band;

(d) Front and back covers made of 3-millimeter unpadded millboard;

(e) A glossy cover finish;

(f) Cover graphics composed of holographic foils and rainbow colors on a predominantly black background;

(g) Cover copy that begins with the word "Scratch" in a serif font;

(h) Cover copy containing the phrase "Art Activity Book" in a sans-serif font;

(i) A circular element on the cover featuring the word "Includes" and listing the book's contents;

(j) A spiral binding;

(k) An inside front cover and protruding back cover that display a brightly-colored psychedelic-style swirl pattern;

(l) approximately 20 pages with one side being black coated paper that, when traced over with a stylus, reveals designs with swirl patterns and holographic colors, and the other side being black-and-white outlines suitable for coloring; and

(m)    approximately ten colored pages for drawing that follow immediately after the thicker black-coated pages.

A photograph showing plaintiff's volume "Scratch and Sketch Flower Fairies" is annexed as Exhibit 1 hereto.

14.    This unique combination of visual designs and features creates an arbitrary and distinctive trade dress.

15.    Plaintiff's SCRATCH AND SKETCH books have been widely advertised, offered for sale, distributed and sold throughout the United States, generating over six million dollars in sales in the United States using their unique trade dress, which has become an asset of substantial value and a symbol of plaintiff's high quality and good will.

16.    As a result of their substantial sales and promotion, plaintiff's SCRATCH AND SKETCH books have become extremely well known and are associated by the relevant public with plaintiff.

**Defendants' "Scratch and Doodle" Books**

17.    Defendants are engaged in the business of producing, publishing, distributing and selling in interstate commerce, and are presently publishing and distributing in interstate commerce, a series of books entitled "Scratch and Doodle."

18.    The production, publication, distribution and sale of defendants' "Scratch and Doodle" books are without the consent, permission, or foreknowledge of plaintiff.

19.    Defendants' "Scratch and Doodle" books all bear the title "Scratch and Doodle" and the words "Art Activity Book."

20.    Defendants' "Scratch and Doodle" books all have the following features, or substantially similar features, of trade dress:

4

(a) A medium-size format, measuring 8 ½" high by 5 ¾" wide by approximately 5/8" thick;

(b) A protruding back cover that extends an additional half inch;

(c) A 5 ¼" natural color wooden stylus, attached to the back cover by a 1/4"-wide black elastic band;

(d) Front and back covers made of 3-millimeter unpadded millboard;

(e) A glossy cover finish;

(f) Cover graphics composed of holographic foils and rainbow colors on a predominantly black background;

(g) Cover copy that begins with the word "Scratch" in a serif font;

(h) Cover copy containing the phrase "Art Activity Book" in a sans-serif font;

(i) A circular element on the cover featuring the word "Includes" and listing the book's contents;

(j) A spiral binding;

(k) An inside front cover and protruding back cover that display a brightly-colored psychedelic-style swirl pattern;

(l) approximately 18 pages with one side being black coated paper that, when traced over with a stylus, reveals designs with swirl patterns and holographic colors, and the other side being black-and-white outlines suitable for coloring, with the exception of the last page, which is one or two colors and suitable for coloring; and

(m) approximately ten colored pages for drawing that follow immediately after the thicker black-coated pages.

A photograph of defendants' "Fairy Magic" Scratch and Doodle book is annexed as Exhibit 2 hereto.

21. On information and belief, defendants were aware of plaintiff's SCRATCH AND SKETCH books when defendants began producing their Scratch and Doodle books.

22. On information and belief, defendants intentionally copied various features of plaintiff's SCRATCH AND SKETCH books.

23. On information and belief, defendants intentionally copied features of plaintiff's SCRATCH AND SKETCH trade dress.

24. On information and belief, plaintiff's SCRATCH AND SKETCH books are distributed in the same channels of trade as defendants' "Scratch and Doodle" books, including bookstores, chain stores, gift and craft shops, book fairs, catalogues, and general merchandise stores.

25. Defendants' use, advertising, promotion, display and sale of their "Scratch and Doodle" books with the image and packaging described herein, have caused, and are likely to cause, confusion, to cause mistake, and to deceive the public as to the source or sponsorship of defendants' products and to cause the public to believe that defendants' products emanate from, are approved or sponsored by, or are associated or connected with plaintiff.

26. Upon information and belief, defendants have used, advertised, promoted, displayed and sold their "Scratch and Doodle" goods with the trade dress as described herein with the intent to deceive and mislead the public.

27. As a direct and proximate result of defendants' acts complained of herein, plaintiff has suffered damages.

28. Upon information and belief, by the acts complained of herein, defendants have made substantial profits and gains to which they are not entitled in law or equity.

29. Defendants' acts in derogation of plaintiff's rights were and are willful.

30. Defendants' acts complained of herein have damaged plaintiff and, unless restrained by this Court, will continue to damage plaintiff and cause it irreparable harm, for which plaintiff has no adequate remedy at law.

## First Claim

### (Trade Dress Infringement; False Designation of Origin)

31. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 30 hereof, as if fully set forth.

32. Defendants' conduct constitutes trade dress infringement, and the use of false and misleading descriptions, representations and designations of origin, in violation of Section 43(a) of the Lanham Trademark Act, 15 U.S.C. §1125(a).

## Second Claim

### (Common Law Unfair Competition and Misappropriation)

33. Plaintiff repeats and realleges the allegations contained above in paragraphs 1 through 32 hereof, as if fully set forth.

34. Defendants' conduct constitutes unfair competition and misappropriation under the common law of the State of New York.

WHEREFORE, plaintiff prays for judgment:

1. That defendants, and their affiliates, agents, servants, representatives, successors and assigns, and all persons or entities in active concert or participation with any of them, be preliminarily and permanently enjoined and restrained from:

(a) publishing, offering for sale, selling, distributing, advertising, displaying or promoting any of defendants' "Scratch and Doodle" books in their current form;

(b) using on or in connection with the manufacture, sale, importation, exportation, purchase, order, offer for sale, distribution, publication, advertisement, display and/or promotion of any product which consists of any significant number of the following elements:

(i) A medium-size format book, measuring 8 ½" high by 5 ¾" wide by approximately 5/8" thick;

(ii) A protruding back cover that extends an additional half inch;

(iii) A 5 ¼" natural color wooden stylus, attached to the back cover by a 1/4" wide black elastic band;

(iv) Front and back covers made of 3-millimeter unpadded millboard;

(v) A glossy cover finish;

(vi) Cover graphics composed of holographic foils and rainbow colors on a predominantly black background;

(vii) Cover copy that begins with the word "Scratch" in a serif font;

(viii) Cover copy containing the phrase "Art Activity Book" in a sans-serif font;

(ix) A circular element on the cover featuring the word "Includes" and listing the book's contents;

(x) A spiral binding;

(xi) An inside front cover and protruding back cover that display a brightly-colored psychedelic-style swirl pattern;

8

(xii)   approximately 18-20 pages with one side being black coated paper that, when traced over with a stylus, reveals designs with swirl patterns and holographic colors, and the other side being black-and-white outlines or simple color pages suitable for coloring; and

(xiii)   approximately ten colored pages for drawing that follow immediately after the thicker black-coated pages.; or

(c)   Otherwise infringing plaintiff's trade dress for plaintiff's publications, or competing unfairly with plaintiff;

2.   That defendants be ordered immediately to recall any and all units of defendants' "Scratch and Doodle" books, packaging, containers, advertising or promotional material or other matter that is confusingly similar to the plaintiff's trade dress for the plaintiff's SCRATCH AND SKETCH publications;

3.   That defendants be required to deliver up to plaintiff for destruction all of defendants' "Scratch and Doodle" books, packaging, labels, signs, prints, wrappers, receptacles, advertisements, catalogs and any other material in their possession or under their control that are confusingly similar to the plaintiff's trade dress for the plaintiff's SCRATCH AND SKETCH publications;

4.   That defendants be directed to file with the Court and serve upon plaintiff, within thirty (30) days after service of the judgment upon them, a written report under oath setting forth in detail the manner in which defendants have complied with the requirements set forth above in paragraphs 1 through 3;

5.   The defendants be directed to account to plaintiff for all gains, profits and advantages derived from defendants' wrongful acts;

22854/006/834569.3

6.   That plaintiff recover from defendants the damages sustained by plaintiff, together with interest thereon, in an amount to be determined at its trial;

7.   That plaintiff recover from defendants reasonable attorneys' and investigators' fees, together with the costs of this action; and

8.   That plaintiff have such other and further relief as the Court deems necessary, just and proper.

Dated: New York, New York
       July 2, 2008

COWAN, LIEBOWITZ & LATMAN, P.C.

By _____
   Ronald W. Meister (rwm@cll.com)
   Jason D. Sanders (jds@cll.com)
1133 Avenue of the Americas
New York, NY 10036-6799
(212) 790-9200
Attorneys for Plaintiff

22854/006/834569.3

RECYCLED

**Exhibit 1**



**Exhibit 2**

